UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RUTH ELLEN KRUGER, ET AL.,

                Plaintiffs,

    v.

UNITED AIR LINES, INC, ET AL.,

                Defendants.
_____/

No. C 06-04907 MHP

**MEMORANDUM & ORDER**
**Re: Motion to Dismiss**

On August 14, 2006 plaintiffs Ruth Ellen Kruger and Daniel Ronald Kruger, as individuals and on behalf of their marital community, filed a complaint against United Airlines, Inc., UAL Corporation (collectively "United"), Xiaoyan Wei, Yaping Huang, and Yuying Huang, alleging various tort causes of action for injuries sustained when Kruger was a passenger on a United flight. On January 5, 2007, default was entered as to the three individual defendants Wei, Huang, and Huang. Now before the court is United's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

BACKGROUND[1]

Plaintiffs Ruth Ellen Kruger and Ronald Kruger are residents of Issaquah, Washington. Defendants United Airlines, Inc. and UAL Corporation are Illinois corporations. Defendants Wei, Yaping Huang, and Yuying Huang are California residents and domiciliaries. The dispute in this case concerns an incident that occurred when plaintiff Ruth Kruger boarded of United Flight 794

from San Francisco to Seattle on August 20, 2004. Defendants Wei, Huang, and Huang were passengers on the same flight.

On August 20, 2004 defendants Wei, Huang and Huang attempted to board Flight 794, despite having been instructed not to do so. According to the plaintiffs, the three defendants were disorderly and aggressive. They were stopped at the end of the jetway and prevented from boarding. Shortly thereafter, Ruth Kruger began boarding the flight and was told by an United flight attendant to wait on the jetway a few feet behind Wei, Huang and Huang. While the passengers waited, one of the three individual defendants was swinging a backpack. As Kruger attempted to move backwards to avoid it, she was struck in the back of the head by the backpack, which contained a hard and heavy object. Kruger felt pain in her head as a result of the impact. She boarded the plane at the instruction of the United flight attendant. Once seated, she felt dazed and nauseated. She pressed the call button and asked the responding flight attendant for tylenol after reporting that she had been struck in the incident. During the course of the flight, Kruger became increasingly ill; she vomited, lost consciousness, and fell on the floor outside the lavatory. At one point, flight attendants attempted to help her stand, but she fell again and hit her head. For the rest of the flight, Kruger remained on the floor of the lavatory with pillows placed around her. She states that she was unconscious for portions of the flight but does remember experiencing "excruciating pain, terror, emotional trauma, anxiety, and fear." Compl. ¶ 24. Upon landing in Seattle, an ambulance took her to a local hospital.

Plaintiffs seek damages for injuries sustained by Ruth Kruger while boarding the flight. She claims that United was negligent for certain failures and omissions, including its failure to prevent the accident; failure to properly train and supervise its employees; failure to provide medical treatment in San Francisco and in-flight; and failure to follow various industry, national and international standards concerning passenger safety. Plaintiff Daniel Kruger claims loss of consortium based on the injuries sustained by his wife.

The present dispute concerns whether plaintiffs' claims against United arise under the Montreal Convention or common law tort. Ruth Kruger alleges that she purchased a round-trip

ticket for international travel on United Airlines and Quantas Airlines from Seattle, Washington to Brisbane, Australia. The trip involved five segments on the two carriers. The outbound portion of the trip included a United flight from Seattle to Los Angeles and a Quantas flight from Los Angeles to Brisbane. The return portion of the trip included a Quantas flight from Bisbane to Los Angeles; a United flight from Los Angeles to San Francisco; and, finally, United flight 794 from San Francisco to Seattle. In the complaint, Ruth Kruger alleges that Flight 794 was part of an "undivided international carriage" and thus the Warsaw Convention, the Montreal Convention, and/or the IATA and ATA Agreements apply to this dispute. Compl. ¶¶ 12-13.

On December 8, 2006, United filed a motion to dismiss, arguing that plaintiffs cannot assert claims under the Warsaw Convention and common law tort claims. On January 22, 2007 the court held a hearing on this motion.

LEGAL STANDARD

A motion to dismiss will be denied unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45–46 (1957); Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1435 (9th Cir. 1986), cert. denied, 479 U.S. 1064 (1987). Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). The court need not, however, accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact or unreasonable inferences. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Clegg v. Cult Awareness Network, 18 F.3d 752, 754–55 (9th Cir. 1994).

## DISCUSSION

United argues that, if the Warsaw Convention governs the present dispute, then it is the exclusive basis for redress of her injuries. See Convention for the Unification of Certain Rules Relating to International Transportation by Air, 49 Stat. 3000, T.S. No. 876 (1934), reprinted in note following 49 U.S.C. § 40105 ("Warsaw Convention"). Accordingly, plaintiffs cannot pursue common law tort claims and claims under the Convention. United further argues that plaintiffs' complaint does not state a proper cause of action under the Convention.

At the hearing on this motion, the parties agreed that the subsequently-enacted Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 ("Montreal Convention"), reprinted in S. Treaty Doc. No. 106–45, 1999 WL 33292734 (2000), governs this dispute, rather than the Warsaw Convention. The events alleged in the complaint occurred in 2004; the Montreal Convention entered into force in 2003. See Ehrlich v. American Airlines, Inc., 360 F.3d 366, 370–73 (2d Cir. 2004) (discussing the history and enactment of the Montreal Convention). Where the parties' submission addressed provisions of the Warsaw Convention that are identical to those of the Montreal Convention, the court must consider those arguments under the Montreal Convention. In a significant respect, however, the two conventions differ: the Montreal Convention imposes a new legal standard where the alleged damages meet a certain level. See Montreal Convention, art. 17, 21. Under Article 21(2) of the Montreal Convention, the carrier is not liable for damages exceeding an amount equivalent to 100,000 Special Drawing Rights if it can prove that the damage was not due to its own negligence. Accordingly, plaintiffs must amend their complaint in accordance with the Montreal Convention and to plead damages sufficient to determine whether they exceed the limits set out in Article 21(2).

The parties further agreed that the Montreal Convention, like the predecessor Warsaw Convention, provides the exclusive basis for a lawsuit against an air carrier for injuries arising out of international transportation, where it applies. See El Al Israel Airlines, Ltd. v. Tseng, 525 U.S. 155, 161 (1999) (holding that the Warsaw Convention preempts state law claims for personal injuries sustained in the flight). The parties agree that the Montreal Convention applies to a domestic flight

4

that is part of an undivided international journey.[2] Plaintiffs have alleged in their complaint that the flight at issue here was part of an undivided international journey. Therefore, plaintiff Ruth Kruger's state law tort claims, including those sounding in negligence and infliction of emotional distress, against United are preempted by the Montreal Convention.

United also argues that plaintiff Daniel Kruger's claim against United for loss of consortium is improperly brought under the Convention. His loss of consortium claim is based on the alleged negligence of United while his wife was boarding and during the flight itself. While the preemptive effect of the Convention "extends to all state law claims relating to personal injuries sustained during international passenger air travel," Shirobokova v. CSA Czech Airlines, Inc., 376 F. Supp. 2d 439, 441 (S.D.N.Y. 2005) (citation omitted), the Supreme Court has noted that the Warsaw Convention does not specify who may recover and what type of damages they may receive. Zicherman v. Korean Air Lines Co., 516 U.S. 217, 225 (1996) (considering whether mother and sister of deceased passenger could claim loss-of-society damages). Rather, the Convention leaves it to domestic law to specify what harm is cognizable and by whom. Id. at 224. The parties agree that the Montreal Convention contemplates a similar pass-through mechanism in Article 29, whereby domestic law controls the issue of whether loss of consortium is cognizable. Here, California tort law applies to this question. California law permits compensatory damages for loss of consortium. See Carlson v. Walk, 151 Cal. App. 3d 598, 602 (1984) (holding that the diminution of a spouse's rights of consortium is compensable where her spouse has been assaulted). Therefore, plaintiffs' claim for loss of consortium is cognizable under the Montreal Convention.

United asks the court to dismiss plaintiffs' claims for punitive damages and their claims for emotional distress which do not arise from her injuries. Claims for punitive damages are not available under the Warsaw Convention; the parties agree that punitive damages are not permitted under the Montreal Convention. See, e.g., Jack v. TransWorld Airlines, 854 F. Supp. 654, 663 (N.D. Cal. 1994).

United also argues that plaintiffs' claim for emotional distress damages are limited to recovery for emotional distress flowing from the physical injuries. See Jack v. TransWorld Airlines,

854 F. Supp. 654, 658 (N.D. Cal. 1994). There appears to be no dispute on this issue between the parties. Thus, plaintiffs may not recover for any emotional distress experienced during the flight, except as Ruth Ellen Kruger's distress arose out of her injuries. Id.

Finally, United asks the court to dismiss any claims under the Montreal Convention against it because plaintiffs have failed to allege the elements of a claim under Article 17 of the Montreal Convention. Under Article 17, plaintiffs must show bodily injury caused by an accident on the aircraft or during the course of embarking or disembarking. See Montreal Convention, art. 17. Plaintiffs have sufficiently alleged bodily injury, specifically head injuries suffered by Ruth Kruger. Compl. ¶¶ 21, 24, 25. They further allege that the injuries arose during the course of embarking as well as during the course of the flight while on the aircraft. Id.

The remaining question is whether the facts alleged establish that injuries were caused by an "accident" within the meaning of the Convention. The Supreme Court has construed accident to mean "an unexpected or unusual event or happening that is external to the passenger" and cited with approval cases in which courts construed "accident" to include torts committed by fellow passengers. Air France v. Saks, 470 U.S. 392, 405 (1985) (citations omitted). As plaintiffs have stated in their complaint, the behavior of the individual defendants was unusual. Therefore, the court concludes that plaintiffs have stated a cause of action under the Montreal Convention for the injuries sustained.

In sum, United's motion to dismiss is GRANTED IN PART with respect to any state law tort claims as well as claims for punitive damages and emotional distress damages which do not arise from the injuries sustained by plaintiff Ruth Ellen Kruger without prejudice to plaintiffs' refiling their claims if it is determined that the Montreal Convention does not apply. The court DENIES IN PART the motion for failure to state a claim under the Montreal Convention.

/////
/////
/////
/////

/////

CONCLUSION

For the foregoing reasons, the court GRANTS IN PART and DENIES IN PART United's motion to dismiss. The court further orders plaintiffs to amend their complaint to allege their claims under the Montreal Convention within twenty (20) days of the date of this order.

IT IS SO ORDERED

Dated: February 28, 2007

_____

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

ENDNOTES

1. Unless otherwise noted, the facts provided are taken from the Complaint.

2. At the outset, United disputes whether Kruger's United flight between Los Angeles and San Franciso was part of one undivided international journey. For the purposes of considering the motion to dismiss, the court, like United, will assume that the facts in the complaint are true.